NICHOLAS M. WAJDA (State Bar # 259178)
Attorney Email Address
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH L. HARRITON,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 2:19-cv-08434<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, ELIZABETH L. HARRITON ("Plaintiff"), through her undersigned counsel, and complaining of the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC alleges the following:

**I.   Introduction, Jurisdiction, Parties and Venue**

1.   Plaintiff is a citizen of the State of California and resides in Long Beach, CA, which is located within this District.

2.   Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. to redress violation off the FDCPA that were committed by Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA" or "Defendant") when

1

Defendant communicated with her at her California address that is located within this District.

3. Plaintiff also brings this action to redress violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1), et seq.

4. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States.

5. Defendant is incorporated in the State of Delaware and its principal place of business is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

6. Defendant, purchases, collects and services delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**II.     Defendant Has Violated the FDCPA**

9. Defendant attempted to collect a debt from Plaintiff where the original creditor of the subject debt was Ford Motor Credit Company ("Ford Motor Credit").

10. Defendant attempted to collect the subject debt by sending Plaintiff letters and by calling her cellular number.

11. Defendant letters and calls are "communications" as this term is defined in FDCPA §1692a(2).

12. In one collection letter that Defendant sent to Plaintiff, Defendant claimed that Plaintiff owed Defendant $6,068.10.

13. The subject debt was opened in 1994 according to Defendant's September 29, 2018, letter to Plaintiff.

14. Ford Motor Credit sold, assigned and transferred the subject debt to Defendant from

on or about February 28, 2005.

15.  The subject debt is a "debt" as defined by FDCPA §1692a(5) because upon information and belief, as part of the documents which governed the sale of the subject debt, Ford Motor Credit represented to Defendant that the debt was consumer based debt and not business or commercial debt.

16.  Accordingly, the subject debt arose out a transaction for personal, family, and/or household purposes.

17.  The subject debt was time-barred under California law at the time that Defendant attempted to collect the subject debt from Plaintiff in 2018 and in particular, when Defendant mailed a letter to Plaintiff where the letter was dated September 29, 2018.

18.  Defendant's letter dated September 29, 2018, did not inform Plaintiff that the debt was time-barred under California law.

19.  Defendant's letter dated September 29, 2018, did not inform Plaintiff that because of the age of the debt Defendant would not sue Plaintiff to collect the debt.

20.  Defendant's collection letters to Plaintiff, including one dated September 29, 2018, did not inform Plaintiff that the subject debt was time-barred.

21.  Plaintiff believes she received the letter several days after September 29, 2018.

22.  Defendant called Plaintiff's cellular telephone number (213) 377-8949 on dozens of occasions to attempt to collect subject debt.

23.  Plaintiff is the owner of the subject cellular phone and pays for phone bills associated with her cellular telephone number.

24.  In doing so, Defendant's representatives agents, and employees left messages for her on her voicemail.

25.  On several occasions, Plaintiff spoke with Defendant's representatives, agents, and

employees.

26. During more than one telephone conversation, Plaintiff verbally disputed the subject debt.

27. On more than one occasion, Plaintiff told Defendant's representatives, agents, and employees to stop calling her.

28. Despite telling Defendant's representatives agents, and employees to stop calling her, Defendant continued to call her.

29. Defendant's repeated calls after she told Defendant's representatives, agents and employees to stop calling her constitutes harassment in violation of the FCPA.

30. Plaintiff estimates that Defendant has called her over 25 and up to 50 times after she told Defendant's representatives, agents, and employees to stop calling her.

31. Defendant's repeated calls to Plaintiff after she told Defendant's representatives, agents, and employees to stop calling her have caused Plaintiff to suffer from anxiety, dread and fear every time that Defendant continued to call her.

32. Based upon Plaintiff's do-not-call requests, Defendant knew that its calls to Plaintiff's cellular phone were not welcomed and knew or should have known that the calls would cause her to suffer anxiety and distress.

33. The frequency of Defendant's calls after Plaintiff told Defendant to stop calling her constitute actionable harassment in violation of the FDCPA.

34. Defendant's calls to Plaintiff, after Plaintiff told Defendant to stop calling her, caused Plaintiff to suffer emotional distress, rapid heartbeats and stress.

35. Defendant's harassing and frequent phone calls to Plaintiff after she told Defendant to stop calling her have harmed Plaintiff by diminishing the use of her cellular telephone, power and battery consumption.

4

36. Defendant, upon information and belief, has never provided Plaintiff with a notice of her rights as required by Section 1692g of the FDCPA within five (5) days of Defendant's initial communication regarding the subject debt.

37. As set forth below in Counts I through V, Defendant's conduct violated Sections 1692c(a)(1), 1692d(5), 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692g of the FDCPA.

38. Section 227 (b)(1)(A)(iii) of TCPA states that "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice[.]"

39. Section 227 (a)(1)(A)-(B) of the TCPA defines "automatic telephone dialing system" (hereafter "ATDS") as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

40. Defendant's calls, on information and belief, appear to have been placed by a devise similar to an ATDS for the following reasons. First, when Plaintiff answered certain telephone calls placed by Defendant, she had to wait and say "hello?" a few times before a person would respond to her and indicate that they were calling on behalf of Defendant.

41. Second, at various times, Plaintiff heard multiple conversation going on in the background when she spoke with a live person.

42. Third, many calls resulted in "dead air" and nobody would answer to her, which led to calls ending or being "dropped."

43. Fourth, on information and belief, the telephone system used by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

44. As set forth in Count VI, Defendant violated the TCPA when it called Plaintiff with an ATDS without her consent.

### III. Causes of Action

**Count I - Violations of § 1692c(a)(1) of the FDCPA**

45. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

46. Defendant's conduct of behavior of repeatedly calling her after her do-not-call requests constitutes harassing and abusive conduct in violation of Section 1692c(a)(1) of the FDCPA.

47. Plaintiff notified Defendant that its calls were not welcomed when she demanded that Defendant cease contacting her. As such, Defendant knew that its conduct was inconvenient and Plaintiff no longer wanted calls to be placed to her cellular phone.

48. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON respectfully requests that this Honorable Court:

   a. Declare that Defendant's above described conduct is unlawful and in violation of the aforementioned Section of the FDCPA;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II - Violations of §1692d of the FDCPA**

49. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

50. Defendant placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent after she disputed the subject debt and after she told Defendant to stop calling her.

51. Defendant violated §1692d by engaging in abusive, harassing, and oppressive

conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff explained that she did not owe the subject debt and demanded that Defendant's phone calls cease.

52. Defendant violated Section 1692d(5) of the FDCPA by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt

53. Defendant called Plaintiff after her repeated do-not-call requests with the intent to annoy, abuse, or harass Plaintiff.

54. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON respectfully requests that this Honorable Court:

a. Declare that Defendant's above described conduct is unlawful and in violation of the aforementioned Section of the FDCPA;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count III - Violations of § 1692e of the FDCPA

55. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

56. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

57. Section 1692e(2)(A) prohibits debt collectors from engaging in any "false representation of—(A) the character, amount, or legal status of any debt.

58. Section 1692e(2)(A) prohibits debt collectors from "us[ing] of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

7

59. Defendant violated Sections 1692e and 1692e(2)(A) of the FDCPA by falsely representing to Plaintiff the character, amount and legal status of the subject debt.

60. Defendant violated Sections 1692e and 1692e(10) of the FDCPA by falsely representing to Plaintiff that she owed the subject debt.

61. Defendant violated Sections 1692e and 1692e(10) because Defendant's letter dated September 29, 2018, did not inform Plaintiff that the debt was time-barred under California law.

62. Defendant violated Sections 1692e and 1692e(10) because Defendant's letter dated September 29, 2019, did not inform Plaintiff that because of the age of the debt Defendant would not sue Plaintiff to collect the debt.

63. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON respectfully requests that this Honorable Court:

   a. Declare that Defendant's above described conduct is unlawful and in violation of the aforementioned Sections of the FDCPA;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV - Violations of § 1692f of the FDCPA**

64. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

65. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

66. Defendant violated Section 1692f of the FDCPA by unfairly harassing Plaintiff with numerous phone calls despite her numerous do not call request and her statements that she disputed the subject debt.

67. Defendant violated Section 1692f of the FDCPA by unfairly representing to

Plaintiff that she owed the subject debt.

68. Defendant violated Section 1692f of the FDCPA because Defendant's letter dated September 29, 2018, did not inform Plaintiff that the debt was time-barred under California law.

69. Defendant violated Section 1692f of the FDCPA because Defendant's letter dated September 29, 2018, did not inform Plaintiff that because of the age of the debt Defendant would not sue Plaintiff to collect the debt.

70. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON respectfully requests that this Honorable Court:

   a. Declare that Defendant's above described conduct is unlawful and in violation of the aforementioned Section of the FDCPA;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count V - Violations of § 1692g of the FDCPA

71. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

72. Defendant violated Sections 1692g of the FDCPA through its conduct in failing to mail Plaintiff written notice of her rights that is provided to her pursuant to Sections 1692g of the FDCPA.

73. As an experienced debt collector, Defendant knew that it was required to mail Plaintiff a written validation notice within five (5) days of Defendant's initial telephonic communications with Plaintiff pursuant to Sections 1692g of the FDCPA.

74. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON respectfully requests that this Honorable Court:

    a. Declare that Defendant's above described conduct is unlawful and in violation of the aforementioned Section of the FDCPA;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations; and

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VI - Violations of the TCPA

75. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

76. As set forth in the above allegations, upon information and belief, Defendant placed debt collection calls to Plaintiff's cellular telephone number using an ATDS in violation of 47 U.S.C. §227 (b)(1)(A)(iii) without her consent.

77. As set forth in the above allegations, upon information and belief, Defendant placed debt collection calls to Plaintiff's cellular telephone number using an ATDS in violation of 47 U.S.C. §227 (b)(1)(A)(iii) after she told Defendant to stop calling her.

78. Alternatively, Plaintiff contends that Defendant utilized an ATDS as this terms has been defined by the Federal Communication Commission's 2013 and 2008 Declaratory Rulings to include so-called "predictive dialers" without her consent.

79. Alternatively, Plaintiff contends that Defendant utilized an ATDS as this terms has been defined by the Federal Communication Commission's 2013 and 2008 Declaratory Rulings to include so-called "predictive dialers" after she told Defendant to stop calling her.

**WHEREFORE**, Plaintiff ELIZABETH L. HARRITON requests that this Honorable Court award the following relief:

    a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

    b. Award Plaintiff damages of at least $500 and up to $1,500 for each ATDS based phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

    c.  Award Plaintiff treble damages pursuant to 47 U.S.C. § 227(b)(3)(C) for each ATDS based call after she told Defendant to stop calling her;

    d.  Awarding Plaintiff costs;

    e.  Enjoining Defendant from further contacting Plaintiff in violation of the TCPA; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 30, 2019

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com

/s/ James C. Vlahakis
James C. Vlahakis, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: (630) 581-5456
Facsimile: (630) 575-8188
Email: jvlahakis@sulaimanlaw.com
*Pro Hac Vice to be applied for*